IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHON A. THOMAS

Defendant.

Case No.  21-CR-30122-SPM-1

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on *pro se* Defendant Shon A. Thomas's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(u), and the United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. (Doc. 81). For the reasons set forth below, Thomas's Motion is **DENIED without prejudice**.

BACKGROUND

On June 7, 2022, a federal grand jury indicted Thomas for (1) Kidnapping, (2) Interstate Domestic Violence—Causing Travel of Victim, and (3) Attempted Tampering with a Victim. (Doc. 53). Pursuant to a plea agreement, Thomas pled guilty to the second count, and the remaining charges were dropped. (Docs. 62, 64, 80).

This Court sentenced Thomas on October 25, 2022. (Doc. 74). This Court found that Thomas had a Criminal History Category of VI because he was a career offender pursuant to U.S.S.G. § 4B1.1(b). (Docs. 71, 78). Based on his Criminal History Category and other factors, this Court found that Thomas had a United States

Sentencing Guidelines imprisonment range between 100 and 120 months. (Docs. 71, 78). This Court imposed a sentence of 120 months' imprisonment because it was the statutory maximum for the offense and noted that under the circumstances of Thomas's actions and history, the Court would have given him a much longer sentence if not for the statutory maximum. (Docs. 78, 80).

### ANALYSIS

Thomas moves for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that his guidelines sentence range was lowered after he was sentenced, and that the changes were made retroactive. (Doc. 81). Thomas does not identify what specific change he is referring to, but he references the policy statement in U.S.S.G. § 1B1.10. (*Id.*). This policy statement provides that a "court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)" where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of" any of several enumerated amendments. U.S.S.G. § 1B1.10(a)(1). Exactly one of those enumerated amendments became effective after this Thomas's 2022 sentence. *See* U.S.S.G. § 1B1.10(d) and Supp. to App. C., Amend. 821; (Doc. 74). This amendment codified a series of changes to the procedure by which Courts should calculate a defendant's criminal history score. U.S.S.G., Supp. to App. C., Amend. 821. Because the amendment would not change the criminal history category for a career offender like Thomas, *see* U.S.S.G., Supp. to App. C., Amend. 821, it would not have impacted his sentencing guideline range.

Thomas's Motion for Sentence Reduction (Doc. 81) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: July 6, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**